[Cite as *State v. Bloom*, 2012-Ohio-3805.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97535**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT J. BLOOM

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552802

**BEFORE:** Jones, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road
Suite 211
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Luke Mahoney
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Robert Bloom, appeals the trial court's denial of his presentence motion to withdraw his guilty plea and his sentence. We affirm.

{¶2} In 2011, Bloom was charged in a 16-count indictment with multiple counts of felonious assault, discharging a firearm on or near a prohibited premises, and improperly discharging into or at a habitation; all counts were accompanied by gun specifications. The charges pertained to two incidents that occurred a few hours apart on the evening of June 8, 2011, and the morning of June 9, 2011.

{¶3} The matter proceeded to a jury trial, but shortly after the jury was impaneled and sworn, Bloom decided to plead guilty. Pursuant to a plea agreement with the state, Bloom pleaded guilty to one count of felonious assault with a one-year gun specification, one count of felonious assault with a three-year gun specification, and one count of improperly discharging into or at a habitation with a three-year gun specification. The trial court continued the matter for sentencing until later in the day.

{¶4} At the sentencing hearing, the state gave its recitation of the facts of the case:

On June 8, 2011, Bloom and his co-defendant, Jesse Lester, were drinking at a friend's house on West 119th Street in Cleveland. Lester got into an argument with some people across the street. Bloom told Lester to get his AK-47 assault rifle out of the car and load it. Lester began firing the weapon at the house across the street.

{¶5} Bloom and Lester left, but returned early the next morning to the same area. One of the men used the rifle to shoot at the same house as earlier in the night, but bullets also struck two other houses, and injured an unintended victim.

{¶6} When the court reconvened for Bloom's sentencing hearing, defense counsel made an oral motion to withdraw Bloom's guilty plea. The trial court held a hearing and subsequently denied the motion. The trial court sentenced Bloom to a total of ten years in prison.

{¶7} Bloom now appeals, raising the following two assignments of error for our review, as quoted:

> I. The trial court committed prejudicial error when it denied the appellant's motion to withdraw his guilty plea prior to sentencing.
>
> II. The trial court erred by sentencing the appellant to consecutive sentences.

## Guilty Plea

{¶8} In the first assignment of error, Bloom argues that the trial court erred when it denied his presentence motion to withdraw his guilty pleas.

{¶9} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶10} Generally, motions to withdraw guilty pleas before sentencing are to be

freely and liberally allowed. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), citing *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Xie* at paragraph one of the syllabus. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

{¶11} In *Peterseim*, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Id.* at paragraph three of the syllabus.

{¶12} A review of the record in this case demonstrates that the trial court fully complied with the *Peterseim* criteria. During the hearing on the motion to withdraw Bloom's guilty pleas, the trial court noted that Bloom was represented by competent counsel throughout the proceedings. Although Bloom contends that his relationship with defense counsel was "tenuous" and he had at one point asked for a new attorney,

Bloom expressly told the trial court that he was satisfied with his attorney at the plea hearing.

**{¶13}** The record also demonstrates that Bloom was afforded a proper plea hearing in accordance with Crim.R. 11. Bloom concedes that he was afforded a full hearing pursuant to Crim.R. 11, but argues that the trial court erred in denying his motion to withdraw when he maintained his claim of innocence. In *State v. Abdelhag*, 8th Dist. No. 71136, 1997 Ohio App. LEXIS 3394, *10 (July 31, 1997), this court noted that a defendant's protestations of innocence are not sufficient, however frequently repeated, to warrant grounds for vacating a plea knowingly entered. "By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. * * * A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *Id.* at *11.

**{¶14}** Bloom's contention, made a few hours after his plea hearing, that he did not commit the crime is not sufficient to warrant the withdrawal of a guilty plea where, as in this case, the record supports the trial court's finding that he entered his plea voluntarily, knowingly, and intelligently.

**{¶15}** Finally, the record reflects that the trial court afforded Bloom an impartial hearing on his motion to withdraw his guilty pleas and gave full and fair consideration to his request. Thus, because all four prongs set forth in *Peterseim* were satisfied, the trial court did not abuse its discretion in denying Bloom's presentence motion to withdraw his guilty pleas.

**{¶16}** The first assignment of error is overruled.

<u>Consecutive Sentences</u>

**{¶17}** In the second assignment of error, Bloom argues that the trial court improperly sentenced him to consecutive sentences without making the proper findings.

**{¶18}** The General Assembly recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86. Because Bloom was sentenced after the statute took effect, the trial court was required to sentence him according to the revisions implemented in H.B. 86.

**{¶19}** R.C. 2929.14(C)(4) provides, in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} In this case, the trial court articulated the appropriate findings required by R.C. 2929.14(C)(4) both on the record at the sentencing hearing and in the judgment entry of conviction and sentence.

{¶21} At the sentencing hearing, the court noted that it was complying with the purposes and principles of sentencing pursuant to R.C. 2929.11(A). The court stated that the overriding purpose in sentencing Bloom was to punish him for his conduct and protect the public from future crime using the minimum sanctions so as not to impose an unnecessary burden on state or local resources. The court further mentioned it was "considering the need for incapacitation, deterrence, rehabilitation, and restitution." As to imposing consecutive sentences, the trial court specifically noted the following: (1) consecutive sentences would not demean the seriousness of the offense; (2) consecutive sentences were necessary based on Bloom's course of conduct and the harm caused to the victim; (3) consecutive prison terms were necessary to protect the public and punish Bloom; (4) the consecutive sentences were not disproportionate to the crimes he committed; (5) the crimes were committed at separate times; (6) and Bloom had a criminal history that included guns.

{¶22} Based on the record before us, we find that the trial court complied with R.C. 2929.14(C)(4) in sentencing Bloom to consecutive sentences.

{¶23} The second assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, J., CONCURS;
PATRICIA ANN BLACKMON, A.J., CONCURS
IN JUDGMENT ONLY