[Cite as *State v. Winn*, 2014-Ohio-4380.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100860**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTOINE WINN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577071

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street - 2nd Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
John D. Kirkland
Lakesha M. Johnson
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Antoine Winn ("Winn"), appeals from his convictions and sentence for drug possession and harassment by an inmate. For the reasons set forth below, we affirm.

{¶2} In August 2013, Winn was charged with codefendant, Jamil Logan ("Logan"), in a five-count indictment. Count 1 charged Logan with having a weapon while under disability, Count 2 charged Winn with drug possession, Count 3 charged Winn with harassment by inmate, Count 4 charged Winn with criminal damaging, and Count 5 charged Winn with falsification. The matter was set for trial on October 23, 2013. On that day, the state of Ohio ("State") proposed a plea bargain to Counts 2 (drug possession) and 3 (harassment by inmate), with Counts 4 (criminal damaging) and 5 (falsification) nolled. Winn decided to enter a no contest plea to the proposed plea agreement, instead of proceeding with trial. The following facts were recited by the State at the time of his plea.

{¶3} On August 10, 2013, police officers from the Cleveland Police Department were on basic patrol when Logan bolted out from a van parked on the street, in front of the police car, causing the police to come to a screeching halt. Logan then turned back around and ran the other way. The officers observed Logan throw an item underneath his van and heard a "clunk" sound. This led the officers to believe the item was a gun. The officers proceeded to look under the van and recovered a gun. The officers then

found Winn asleep in the front passenger seat of the van. The officers woke Winn up, arrested him, and placed him in the back of their police cruiser. The officers also arrested Logan. They were going to tow the vehicle at that point based upon Logan's arrest. Prior to the tow, the officers completed an inventory search of the van. The officers found a bag of cocaine in the driver's side door of the vehicle. After being advised of his *Miranda* rights, Winn admitted to the officers that the cocaine was his. Subsequently, Winn was transported to the central prison unit at the Cleveland Police Department, where he was placed in a jail cell. Winn became agitated and attempted to clog up the toilet in his jail cell. A corrections officer went to Winn's cell to unclog the toilet. As he was leaving, Winn, who had a colostomy bag on him, took off the bag and threw it at the corrections officer hitting him in the back.

{¶4} After the recitation of the facts by the State, Winn's defense counsel indicated that she was going to file a motion for continuance of the trial because of the delay in the receipt of discovery. Defense counsel stated that she did not receive discovery until October 18, 2013. Then Winn, unprompted by counsel or the court, recited to the court his version of the events. He stated:

> I went back to the city [jail] and I woke up again with some more feces on me. In my desperate attempt to make a racket, noise, calling the officers for at least an hour and 15 minutes — they never responded. So which then, whereas I covered the hole in the toilet and just made it fill up. And then afterwards I placed a blanket in there so that it would flood to get their attention because I have an open colostomy from the night before and I'm still waking up with feces on me.
>
> So then finally when one officer came back to find out whatever, what was going on, he went back and retrieved the sergeant and other officers. Then

at that point they came and asked me why was I wearing the hospital gown.

* * *

Then he opened the [jail] cell[.]   * * * He said:  Take your pants off.  I take my pants off.

He goes:  Take your drawers off.  I take my drawers off.

He said:  Now hand me your blanket.  Hand me your bedding.  And he said:  Close [the jail] cell[.]

My colostomy hanging open.  I'm naked.  There's nothing in here but rust, steel, and concrete.   * * *

So at that point that's when I took my colostomy off and throw it at him[.]

{¶5} The court then stated:

[Y]ou know, that recitation of the facts * * * corroborates exactly what the prosecutor just indicated supports the charge.  So if you're in agreement with that, and that's what the witnesses are going to testify to, I don't see what the point is in going to the trial.  I mean, that's up to you, if you want to.

* * *

You have a constitutional right.  But you're basically of your own volition telling me at least with Count 3 that you did what they said you did.

{¶6}  Winn then asked to confer with defense counsel.  After doing so, Winn agreed to a no contest plea to the plea agreement.  The trial court proceeded with its thorough Crim.R. 11 colloquy.  At the conclusion of the colloquy, the court asked Winn how he plead to the charges.  Winn responded, "[n]o contest, Your Honor."  The court thereafter made a finding of guilt with respect to Counts 2 and 3, and Counts 4 and 5 were nolled.  Defense counsel then stated that Winn has adamantly denied admitting that the

cocaine the police officers found in the van was his. The court responded by asking defense counsel if she explained the theory of constructive possession to Winn. Defense counsel stated that she has "gone over all the legal issues[.]"

{¶7} The matter proceeded to sentencing on December 11, 2013. At the beginning of the hearing, Winn, through defense counsel, asked to withdraw his previously entered no contest plea. The court gave Winn the opportunity to speak. At which point, Winn stated that he was asleep at the time of his arrest because he was on pain killers from a previous surgery for a gunshot wound. The court then reviewed the police report and the presentence investigation ("PSI") report to determine if there were any discrepancies between the two. In his PSI, Winn admitted that he clogged the toilet in the jail cell and threw his colostomy bag at the corrections officer. With respect to the drug charge, Winn stated in his PSI that he was asleep in Logan's van when officers woke him up, telling him to exit the van. The officers searched him, placed him under arrest, and put him in the back of a police cruiser. The officers asked him his name, but all he remembers telling officers is "five." The police report states that Winn was found passed out and placed in a police cruiser. The officers' search of the vehicle produced a bag of suspected cocaine in the driver's side door, two cans of open beer in the cup holders, and a marijuana cigarette on the passenger side. Winn provided police with two false names, two false dates of birth, and false social security numbers. His real identity was determined after a thumbprint scan. Winn admitted to officers that the cocaine was his.

{¶8} The court then noted that Winn's recitation of the events at the plea hearing

and in the PSI with regard to his harassment by an inmate count essentially support that charge. The court further noted that they were ready to go to trial on the date of the plea. The court stated:

> I went through a series of questions with you [on your scheduled trial date].
>
> Sir, you indicated through your counsel that you wanted to plead no contest. I went over all the rights that you would be waiving essentially if you did that. You had the right to proceed that day to trial. The State was ready to go, and you chose to enter a no contest plea. And now I have a report in front of me that basically has you admitting to at least one of the charges, not the drug charges, and I'm prepared to proceed to sentencing today.

**{¶9}** The trial court sentenced Winn to two years of community control sanctions, under the supervision of the mental health and developmental disabilities unit. If Winn failed to complete his supervision successfully or violated it in any way, the court stated that it would impose a one-year prison sentence concurrent on both of the counts, with credit for time served.

**{¶10}** Winn now appeals, raising the following two assignments of error for review.

Assignment of Error One

> The trial court erred when it failed to allow [Winn] to withdraw his [no contest] plea prior to sentencing.

Assignment of Error Two

> [Winn] was denied the effective assistance of counsel and not afforded his constitutional right to counsel pursuant to the Sixth Amendment and Due Process and a fair trial pursuant to the Fifth and Fourteenth amendments of the United States Constitution.

Presence Motion to Withdraw No Contest Plea

{¶11} In the first assignment of error, Winn challenges the trial court's denial of his presentence motion to withdraw his no contest plea.

{¶12} Crim.R. 32.1 governs withdrawals of guilty and no contest pleas, and provides that: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. *Id.* In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

{¶13} We note that sufficient reason for the withdrawal must appear on the record and a "mere change of heart" is not reason enough. *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). "By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. * * * A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *State v. Bloom*, 8th Dist. Cuyahoga No.

97535, 2012-Ohio-3805, ¶ 13, citing *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394 (July 31, 1997).

**{¶14}** In *State v. Perterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

**{¶15}** Winn contends he may not have been represented by competent counsel because defense counsel only received discovery days before trial and failed to file a motion to suppress. He further contends his innocence with respect to the drug possession charge, arguing the fact that he was asleep in the van acts as a complete defense to constructive possession of the drugs.

**{¶16}** In the instant case, our review of the record reveals that the trial court fully complied with the *Perterseim* criteria. The record demonstrates, and as discussed in the second assignment of error, Winn was represented by competent counsel. On the day of trial, Winn volunteered to the trial court that he threw his colostomy bag at the corrections officer. The court noted that his recitation of the facts corroborate what the State previously indicated. The court then gave Winn the opportunity to discuss proceeding

with a no contest plea, as opposed to proceeding with trial. Upon returning on the record, Winn stated that he wished to proceed with the no contest plea. Winn expressed no confusion during the court's colloquy regarding his plea. He also stated that he was satisfied with defense counsel.

{¶17} After the court's finding of guilt, defense counsel expressed Winn's assertion that he did not admit to the officers that the cocaine was his. The court then specifically asked if defense counsel had explained constructive possession to Winn. Defense counsel responded that she had "gone over all the legal issues[.]" Winn interjected "she has" even before defense counsel had the opportunity to respond.

{¶18} With respect to the second *Peterseim* factor, the record clearly demonstrates that Winn was given a full hearing in compliance with Crim.R. 11 before entering his plea. The trial court advised Winn of the charges against him, the potential penalties, and the rights that he was giving up by changing his plea.

{¶19} Furthermore, the record reflects that the trial court gave the defendant a complete and impartial hearing on his presentence motion to withdraw his plea and a full and fair consideration to his arguments in support of that motion as required by the third and fourth factors set forth in *Peterseim*. It appears Winn wanted to withdraw his plea because he did not realize that the police report indicated that he was asleep in the van. However, in the PSI Winn stated that he was asleep in the van until the police woke him up. He provided no additional information beyond the same denial at the time of his plea that he never admitted to the police that the drugs were his.

**{¶20}** Based on these facts, we find that all four *Peterseim* factors were satisfied. The trial court considered Winn's own recitation of facts from the plea hearing as well as the PSI. The court found most compelling that Winn admitted to the harassment by an inmate charge on his own volition. The court went over all the rights Winn would be waiving, and after a recess with defense counsel, Winn chose to enter a no contest plea. Therefore, we find the trial court did not abuse its discretion in denying Winn's motion to withdraw his guilty plea.

**{¶21}** Accordingly, the first assignment of error is overruled.

<u>Ineffective Assistance of Counsel</u>

**{¶22}** In the second assignment of error, Winn argues defense counsel was ineffective for failing to file a motion to suppress the drugs found in Logan's van.

**{¶23}** In order to substantiate a claim of ineffective assistance of counsel, Winn must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. Winn has the burden of proving his counsel rendered ineffective assistance. *Id.*

**{¶24}** We note that in order to establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must establish that there was a basis to

suppress the evidence. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65, citing *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29. Thus, we must determine if a motion to suppress the drugs found in the van would have been successful.

{¶25} Winn argues under *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), and *State v. Gilbert*, 184 Ohio App.3d 642, 2009-Ohio-5528, 921 N.E.2d 1126 (2d Dist.), that the van should not have been searched incident to the arrest because there was no probable cause to believe the van contained contraband and Winn was secured in the back of a police cruiser.

{¶26} However, the facts in the instant case indicate that the van was not searched for weapons after Winn was removed from the vehicle and secured. Rather, the van was searched pursuant to an inventory search prior to a tow. The record demonstrates that the officers searched the van only after Logan and Winn had been arrested and the officers requested that the van be towed. As a result, the officers conducted an inventory search that led to the recovery of the cocaine.

{¶27} An inventory search is a well-defined exception to the warrant requirement. *State v. Mesa*, 87 Ohio St.3d 105, 108, 1999-Ohio-253, 717 N.E.2d 329, citing *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). An inventory search is conducted pursuant to administrative procedures to protect an individual's property while it is in police custody, protect police against claims of lost, stolen, or vandalized property, and protect police from dangerous instrumentalities. *Mesa* at 109, citing *South Dakota v.*

*Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

**{¶28}** Thus, based on the foregoing, Winn did not establish that defense counsel had a basis to file a motion to suppress. As a result, we find that Winn did not receive ineffective assistance of counsel.

**{¶29}** Accordingly, the second assignment of error is overruled.

**{¶30}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR