[Cite as *State v. Slater*, 2014-Ohio-5552.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101358**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KENNETH SLATER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580429-A

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Paul Kuzmins
        Cullen Sweeney
Assistant County Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Kerry A. Sowul
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Kenneth Slater appeals from the trial court's April 2014 sentencing judgment entry. Prior to sentencing, Slater sought to withdraw his previously entered guilty plea. The trial court considered the request, denied it, and immediately proceeded to sentencing. We affirm.

{¶2} In December 2013, Slater was charged in a ten-count indictment. In March 2014, after plea negotiations with the state, Slater pleaded guilty to two counts of kidnapping, and one count each of aggravated robbery with a three-year firearm specification, felonious assault with a three-year firearm specification, and having weapons while under disability. The remaining counts were dismissed.

{¶3} In April 2014, prior to being sentenced, Slater filed a motion to withdraw his plea, which the state opposed. The trial court held a hearing on the motion, and denied it. The court immediately proceeded to sentence Slater to an eight-year prison term. Slater's sole assignment of error reads as follows: "The trial court erred in considering only compliance with Crim.R. 11 in denying the appellant's motion to withdraw his plea and not considering appellant's claims of innocence."

{¶4} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶5} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). But it is well established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶6} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶8} Slater claims that the trial court abused its discretion in denying his motion to withdraw his plea because it did not properly consider his claim of innocence. We disagree.

{¶9} When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifee* at ¶ 27, citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶10} We find the trial court did not abuse its discretion in denying Slater's motion to withdraw his guilty plea. The record shows that Slater was represented by competent counsel

and that he was given a full hearing in compliance with Crim.R. 11 before entering his plea.   At the plea hearing, the trial court conducted an extensive inquiry of Slater to ensure that he understood the charges against him and the maximum penalties involved, the effect of his guilty plea, and the rights he was waiving by pleading guilty.   Slater denied being threatened or promised anything in exchange for pleading guilty, indicated his satisfaction with counsel's advice, and stated that he understood what was happening and what his choices were.

{¶11} The record also demonstrates that the trial court gave Slater a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave full and fair consideration to the arguments raised in support of his motion. At the hearing, Slater told the court that he wanted to keep his case "ongoing because I feel like I'm innocent.   I know I'm innocent. * * * I told my family and they told me to just keep fighting my case."

{¶12} Defense counsel told the trial court that "immediately" after the bond hearing, which was held the day after the plea and at which the trial court reduced Slater's bond, Slater indicated that he "believed that he did have viable defenses."   Counsel stated, however, that he (counsel) was "not quite sure what our defenses could be."   Nonetheless, according to counsel, Slater's family "urged him to continue on with his fight for his innocence, urged him to continue to fight for justice and his freedom."

{¶13} The trial court reviewed the plea colloquy and found that Slater was "fully explained all [his] rights and [he] waived them and plead[ed] guilty."   "Presumably, every defendant who seeks to withdraw a guilty plea does so based upon a claim of innocence. Recognizing this, [this court has] repeatedly held that 'a mere change of heart' is insufficient justification for allowing the withdrawal of a guilty plea."   *State v. Murphy*, 8th Dist. Cuyahoga No. 68129, 1995 Ohio App. LEXIS 3924, *5   (Aug. 31, 1995), quoting *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991), and citing *State v. Grigsby*, 80 Ohio App.3d 291, 609 N.E.2d 183 (8th Dist.1992); *State v. Lambros*, 44 Ohio App.3d 102, 541 N.E.2d 632

(8th Dist.1988). "Moreover, family pressure 'does not necessarily show coercion,' especially when there is no evidence showing that the defendant was incompetent or incapable of making his own decision." *Westley* at ¶ 8, quoting *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 Ohio App. LEXIS 2803, * 5 (June 30, 1995).

{¶14} On this record, we find that the trial court properly inquired into Slater's reason for wanting to withdraw his plea, and did not abuse its discretion in denying his request. The record demonstrates that Slater merely had a change of heart, which, as detailed above, is not sufficient to withdraw a plea. Slater's assignment of error is therefore overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR