[Cite as *State v. Gibson*, 2015-Ohio-5258.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102704**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENDELL J. GIBSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587044-A

**BEFORE:** Jones, J., Celebrezze, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**ATTORNEY FOR APPELLANT**

Patrick E. Talty
21875 Addington Boulevard
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Edward D. Brydle
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Kendell Gibson, appeals the trial court's denial of his presentence motion to withdraw his guilty plea. We affirm.

{¶2} In 2014, Gibson was charged in three separate cases stemming from a crime spree he committed in Cleveland's Slavic Village neighborhood in March 2014. In Cuyahoga C.P. No. CR-587044-A, which is the subject of this appeal, Gibson was charged with 21 counts. The case was scheduled for trial but after jury selection, Gibson informed the court that he wanted to take a plea bargain. Gibson pleaded guilty to eight counts: discharge of a firearm on or near prohibited premises, having weapons while under disability, two counts of carrying a concealed weapon, two counts of obstructing official business, assault, and tampering with evidence.

{¶3} At the sentencing hearing, Gibson made an oral motion to withdraw his guilty plea. The court spoke at length with Gibson about why he wanted to withdraw his plea and ultimately denied the motion. The court sentenced Gibson to a total of 11 and one-half years in prison.

{¶4} Gibson filed a timely notice of appeal. In his appeal, Gibson argues that the trial court erred when it denied his presentence motion to withdraw his guilty pleas.

{¶5} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea."

{¶6} Generally, motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), citing *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Xie* at paragraph one of the syllabus. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.*

{¶7} In *Peterseim*, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Id.* at paragraph three of the syllabus.

{¶8} A review of the record in this case demonstrates that the trial court fully complied with the *Peterseim* criteria. During the sentencing hearing, Gibson's counsel indicated to the court that Gibson had just informed him that he wanted to withdraw his guilty plea. According to counsel, Gibson's decision was related to a confrontation with the sheriff's deputies escorting Gibson because the deputies would not allow Gibson to address his family in the courtroom.

{¶9} The trial court held a hearing on the oral motion, at which Gibson stated that he wanted to withdraw his plea because he did not understand what he was pleading to and his attorney was not working in his (Gibson's) best interests. Gibson insisted it had nothing to do with his dispute with the deputies.

{¶10} The state and the trial court questioned Gibson about his newfound desire to withdraw his guilty plea. Gibson maintained that he did not remember all the charges the court reviewed with him at his plea hearing and did not "fully understand everything that was being said [at the plea hearing]." Gibson told the court he made "two or three" post-plea phone calls to his attorney to tell him he wanted to withdraw his plea, but was not able to get in touch with him. Gibson conceded he had not written a letter to his attorney or the court or otherwise informed anyone that he wanted to withdraw his plea.

{¶11} In a similar case, this court considered a defendant's presentence motion to withdraw a guilty plea. *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805. In *Bloom*, defense counsel made a motion to withdraw the defendant's guilty plea at the sentencing hearing; the defendant had argued that he was innocent of the crimes that he

had pled to just hours before the sentencing hearing. The trial court denied the motion, which this court affirmed, noting that the defendant was represented by competent counsel, was afforded a full plea hearing in accordance with Crim.R. 11, and the trial court held a hearing on the defendant's motion and gave it full and fair consideration. This court concluded that "[a] mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *Id.* at ¶ 13, citing *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, *10 (July 31, 1997).

{¶12} In the case at bar, the record demonstrates that the trial court fully complied with the *Peterseim* criteria. Gibson was represented by highly competent counsel and was afforded a proper plea hearing in accordance with Crim.R. 11. Although Gibson maintained at the motion hearing that he did not fully understand the charges he had pled to, the record shows that the state, the court, and defense counsel went over the charges and potential penalties Gibson was facing before he entered his guilty pleas. During the plea hearing, Gibson expressed no confusion during the court's colloquy regarding his plea. In addition, contrary to Gibson's argument that his attorney was not acting in his best interests, Gibson told the trial court at his plea hearing that he was satisfied with his attorney.

{¶13} Finally, the record reflects that the trial court gave the defendant a complete and impartial hearing on his presentence motion to withdraw his plea and full and fair consideration to his arguments in support of that motion as required by the third and

fourth *Peterseim* factors.   The court allowed Gibson to state his reasons for wanting to withdraw his motion and questioned him about each charge to which he had pleaded guilty.

{¶14} Thus, because all four prongs set forth in *Peterseim* were satisfied, the trial court did not abuse its discretion in denying Gibson's presentence motion to withdraw his guilty pleas.

{¶15} The sole assignment of error is overruled.   Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
ANITA LASTER MAYS, J., CONCUR