[Cite as *State v. Kendricks*, 2024-Ohio-1779.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 113134 |
| v. | : | |
| CHRISTIAN KENDRICKS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676511-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Buckeye Law Office and Craig W. Smotzer, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant, Christian Kendricks ("Kendricks"), appeals the trial court's denial of his presentence motion to withdraw his guilty plea. We affirm the trial court's judgment.

## I. Background and Facts

{¶ 2}   Kendricks was indicted on eight counts arising from the shooting death of victim Cardell Hawthorne on August 20, 2022.

| Count | Charge |
|---|---|
| 1 | aggravated murder, R.C. 2903.01(A) |
| 2 | murder, R.C. 2903.02(A) |
| 3 | murder, R.C. 2903.02(B) |
| 4, 5, 6 | felonious assault, R.C. 2903.11(A)(1) |
| 7, 8 | endangering children, R.C. 2919.22(A) |

Counts 1 through 6 carried one-year and three-year gun specifications.

{¶ 3}   On May 30, 2023, the state offered a plea agreement with 21 years to life mandatory sentence.  On June 8, 2023, the state accepted a defense request for 18 years to life.  Tr. 33-34.  On June 9, 2023, Kendricks pleaded guilty to Count 3, murder, R.C. 2903.02(B), with a three-year gun specification, and Counts 7 and 8, endangering children, R.C. 2919.22.  Sentencing was scheduled for July 10, 2023.

{¶ 4}   On July 3, 2023, Kendricks moved pro se to disqualify counsel alleging untimely responses, lack of communication, failure to provide a "copy of my motion of discovery," and that he was not given sufficient time to consider plea deals.  Kendricks also claimed that he was innocent and desired to proceed to trial "but was manipulated into taking [a] plea deal, and counsel's failure to respond to requests to withdraw plea." On July 12, 2023, the state opposed the motion on

several grounds that included the trial court's full compliance with Crim.R. 11, Kendricks's failure to support his claims, and that Kendricks's recorded jail phone calls with his codefendant indicated the withdrawal was due to a change of heart.

{¶ 5} On July 13, 2023, a hearing on the withdrawal motion was conducted. Kendricks withdrew his request to disqualify counsel and pursued the plea withdrawal. On July 28, 2023, the trial court denied the motion. Kendricks was sentenced on August 21, 2023. The court imposed a prison term of 18 years to life.

## II. Assignment of Error

{¶ 6} Kendricks assigns a single assignment of error: The trial court abused its discretion, erred, and denied the appellant his Sixth Amendment right to trial when it overruled his motion to withdraw his guilty plea before sentencing.

### A. Standard of Review

{¶ 7} Crim.R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

{¶ 8} "We review presentence motions to withdraw guilty pleas for an abuse of discretion." *State v. McClain*, 8th Dist. Cuyahoga No. 103089, 2016-Ohio-705, ¶ 13, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An "abuse of discretion" occurs where "a court exercise[s] its judgment, in an

unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

## B. Analysis

{¶ 9} The Ohio Supreme Court recently confirmed that an analysis of a presentence withdrawal of a guilty plea begins with the presumption established in *Xie* that a "defendant's presentence motion to withdraw his guilty plea should be *freely and liberally granted*." (Emphasis sic.) *State v. Barnes*, 172 Ohio St.3d 63, 2022-Ohio-4486, 222 N.E.3d 537, ¶ 21, citing *Xie* at 527.[1] "This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start." *Id.*

{¶ 10} "Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a plea.'" *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13, quoting *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, 10 (July 31, 1997).

---

[1] *Barnes* did not censure employing factors such as those set forth in *Peterseim* and *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, but held the factors did not apply for the reason that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Barnes* at ¶ 24. (The factors set forth in *Heisa* and *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), commonly employed by this court are essentially the same.)

{¶ 11} To find that a trial court's denial of a presentence motion to withdraw a guilty plea was not an abuse of discretion, this court examines the record to determine whether the trial court applied the factors set forth in *Peterseim* at 214. The *Peterseim* factors consider (1) whether the accused was represented by competent counsel, (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea, (3) when, after the motion to withdraw was filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Id.*

{¶ 12} A non-exhaustive list of additional factors commonly called the *Fish* factors that should also be considered by trial courts is whether (5) the state will be prejudiced by the withdrawal, (6) the motion was filed within a reasonable time, (7) specific reasons were stated supporting withdrawal, (8) the defendant understood the nature of the charges and potential sentences, and (9) the accused had a complete defense or denied guilt. *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, ¶ 19, 236 citing *Fish*, 104 Ohio App.3d, 240, 661 N.E.2d 788; *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734, ¶13. *See also State v. Pinkerton*, 8th Dist. Cuyahoga Nos. 75906 and 75907, 1999 Ohio App. LEXIS 4453, 5 (Sep. 23, 1999).

{¶ 13} The trial court held:

Defendants request to withdraw plea is ordered denied. Defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. Court finds defendant has highly competent counsel and

was afforded a hearing pursuant to Criminal Rule 11 and the hearing set forth all the potential pleas and penalties and examined the basis for his understanding the plea. The defendant understood all charges and potential penalties although defendant maintains his innocence, a change of heart as to taking the plea is not a legitimate basis to withdraw the plea and the profession of innocence is not supported by a reasonable interpretation of the evidence.

Journal Entry No. 153684859, p. 1. (July 28, 2023).

{¶ 14} Kendricks agrees that Ohio courts should begin with the premise that presentence motions to withdraw should be liberally granted under *Xie* and that "even under an analysis of the *Fish* factors, the court abused its discretion in this case." Brief of appellant, p. 12., citing *Fish* at *id.*, and *Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715.

{¶ 15} Kendricks states the record supports that a full Crim.R. 11 hearing was afforded, Kendricks was represented by highly competent counsel, the motion was filed within a reasonable time, a full hearing on the withdrawal motion was afforded, and he proffered specific reasons for seeking withdrawal. Those reasons included proclaiming his innocence, feeling manipulated into pleading, and not having enough time to think about it. Though Kendricks also listed counsel's failure to provide a copy of discovery and to respond to messages requesting to withdraw his plea, defense counsel subsequently advised the trial court that the request to disqualify counsel was withdrawn and Kendricks sought only to move forward with the plea withdrawal.

{¶ 16} In addition to the listed reasons, Kendricks elaborated at the hearing:

Your Honor, on that day, I presumed I wanted to go to trial, but that's what my mind was made up on, but during the process when I went back down, I was called back and let know like basically my co-defendant had took a plea deal, that a lot of things weren't in my favor anymore as what we thought. So in the midst, I'm just thinking like, well, maybe do I want to go to trial, do I want to take this plea deal, is this the best solution for me. I don't really honestly know at the moment. And I asked him, I sat there for about a hour, 45 minutes, we talked, we talked. I really still didn't want to do it, but it was like well, we feel like this is possibly in your best option, you should just take it because you could possibly get life if you lose. So I'm like, well, okay, if this is going to work, then I'll just take it at that moment. But I still never really wanted to take it just because that's never what I was comfortable with in the beginning.

Tr. 47-48.

{¶ 17} The state denies that Kendricks meets the presentence withdrawal factors under *Peterseim, supra,* and *Fish*, *supra.* At the withdrawal hearing, the state claimed prejudice because it would be required to prepare and assemble witnesses again at the point a trial is scheduled. It also said that Kendricks was represented by highly competent counsel. The state added that the pro se motion to withdraw was untimely because it was mislabeled as a motion to disqualify counsel. Though the state filed a response opposing a plea withdrawal, it contended the plea withdrawal motion was made orally on the day of the scheduled sentencing hearing.

{¶ 18} The specificity of Kendricks's claims was also contested.

State: He indicates lack of communication. He does not state how much communication there was. His counsel in court today suggested that they were available for a significant portion of the day on which he entered his guilty plea. Apart from that he indicates that he wanted his motion for discovery. He fails to indicate or describe what aspects of the discovery he felt were lacking or what understanding of the crime he felt he did not have or the charges against him. * * *

Body cameras, police reports, interviews, statements, [and] autopsy reports [were provided to defense counsel]. * * *

None of the [discovery] was marked "counsel only."

Tr. 28-30.

{¶ 19} Additional factors addressed by the state were Kendricks's full and legally compliant Crim.R. 11 hearing, the claim that Kendricks felt rushed, and that he did not understand that he was facing a life sentence.

Mr. Kendricks in jail calls that the State is prepared to play today demonstrates a significant understanding of not only the factual circumstances of the circumstances that led to his charges, but also of the repercussions of the charges and the effects of the plea agreement in terms of the sentence that he was facing based upon his plea. * * *

* * *

Beyond the lack of any specific reasons for withdrawal apart from today in court indicating that he felt rushed, the State would suggest again that that suggestion is contradicted by a plea transcript that demonstrates no hesitation, concern, or expression of any wish to delay the plea hearing to be given more time with his attorneys or indication that he had a lack of time to speak to his counsel or to consider the plea.

And again, some of the jail calls that have been recorded and will be played for the purposes of today's hearing do demonstrate that Mr. Kendricks not only wasn't rushed, but did have a significant understanding of the charges he faced and repercussions of the plea agreement as well as the plea agreement itself prior to entering into it.

* * *

As I've already stated, he demonstrated in recorded jail calls that he understood exactly what he was charged with and he understood in very specific detail what the penalties for that were. Specifically that he was facing a life sentence on the plea deal offer, and he would have a certain term of years based on the gun specification as well as the underlying 15 years prior to being eligible for parole consideration.

Tr. 30-31. Finally, the state argued that Kendricks's unsupported general claim of innocence is inadequate to support withdrawal.

{¶ 20} Reviewing the factors, we find that Kendricks was represented by highly competent counsel, had a full Crim.R. 11 plea hearing, and understood the nature of the charges and the potential penalties. The record is ambiguous regarding the timeliness of the request that was presented as a motion to disqualify counsel; however, the state filed a reply and Kendricks was afforded a complete, impartial hearing prior to sentencing where he was represented by counsel. The record supports that the trial court gave full and fair consideration to the request.

{¶ 21} The reasons underlying the withdrawal request were specified as counsel's untimely responses and lack of communication, insufficient time to consider plea deals, manipulation into taking a plea deal, counsel's failure to respond to plea withdrawal requests, the failure to provide Kendricks with discovery, and the assertion that he was innocent.

{¶ 22} The state assured the trial court that all discovery had been served. The record supports that discovery was ongoing from January 2023. The state filed multiple supplemental responses to discovery from January 2023, up through July 11, 2023, two days before the withdrawal hearing. The defense did not deny receipt of the discovery or assert prejudice due to the timing. Kendricks did not assert at the hearing that he had not been privy to the discovery information or that the timing impacted his ability to make a decision.

{¶ 23} The trial court held that Kendricks's profession of innocence was not supported by a reasonable interpretation of the evidence. "When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'"" *State v. Hoyle*, 8th Dist. Cuyahoga No. 102791, 2016-Ohio-586, ¶ 31, quoting *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58.

{¶ 24} "[A] defendant's protestations of innocence are not sufficient, however frequently repeated, to warrant grounds for vacating a plea knowingly entered." *Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, at ¶ 13. "'By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. * * * A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea.'" *Id.*, quoting *Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, at 10.

{¶ 25} "It is still Ohio law that, although a presentence motion to withdraw a plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw his or her plea." *State v Johnson*, 8th Dist. Cuyahoga No. 111448, 2023-Ohio-371, ¶ 47. "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is 'within the sound discretion of the trial court.'" *State v. Barnes*, 172 Ohio St.3d 63, 2022-Ohio-4486, 22 N.E.3d 537, ¶ 13, quoting *Xie* at paragraph two of the syllabus. After this court's

review of the record, we do not find that the trial court abused its discretion in this case.

{¶ 26} The assignment of error is overruled.

{¶ 27} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR