[Cite as *State v. Hoyle*, 2016-Ohio-586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102791

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARIO HOYLE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586005-B

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 18, 2016

**ATTORNEYS FOR APPELLANT**

Michael J. Cheselka, Jr.
Sarah R. Cofta
Michael J. Cheselka, Jr., L.L.C.
75 Public Square, Suite 920
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Mario Hoyle ("Hoyle"), appeals from his convictions and sentence following a guilty plea. He raises two assignments of error for review:

> 1. The trial court erred and abused its discretion when it denied his presentence motion to withdraw his guilty plea under Crim.R. 32.1.
>
> 2. Appellant's counsel rendered ineffective assistance of counsel because his performance was deficient in inducing appellant to plead, despite an abundance of exculpatory evidence, and that deficient performance prejudiced appellant so as to deprive him of his due process and right to a fair trial.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶3} In June 2014, Hoyle was indicted in two separate cases. In Cuyahoga C.P. No. CR-14-586005-B, Hoyle and a codefendant were named in a nine-count indictment. Hoyle was charged with aggravated robbery in violation of R.C. 2911.01(A)(1), with one-and three-year firearm specifications; kidnapping in violation of R.C. 2905.01(A)(2), with one-and three-year firearm specifications; attempted murder in violation of R.C. 2923.02 and 2903.02(A), with one, three, and seven-year firearm specifications; felonious assault in violation of R.C. 2903.11(A)(2), with one, three, and seven-year firearm specifications; discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3), with one-and three-year firearm specifications; drug trafficking in violation of R.C. 2925.03(A)(1), with a one-year firearm specification and a forfeiture specification; failure to comply in violation of R.C. 2921.331(B), with a one-year firearm specification; and possession of criminal tools in violation of R.C. 2923.24(A), with a forfeiture specification.

**{¶4}** In Cuyahoga C.P. No. CR-14-586704-C, Hoyle and two codefendants were named in a nine-count indictment. Hoyle was charged with drug trafficking in violation of R.C. 2925.03(A)(1); drug trafficking in violation of R.C. 2925.03(A)(2); and drug possession in violation of R.C. 2925.11(A).

**{¶5}** In September 2014, Hoyle entered into a plea agreement with the state. In Case No. CR-586005-B, Hoyle pleaded guilty to one count of drug trafficking and one count of failure to comply, without the firearm specifications. In Case No. CR-586704-C, Hoyle pleaded guilty to one count of drug trafficking. The remaining counts and specifications of each case were nolled.

**{¶6}** After fully complying with Crim.R. 11 and advising Hoyle of his statutory and constitutional rights, the trial court accepted Hoyle's guilty plea, finding that it was knowingly, intelligently, and voluntarily made.

**{¶7}** Prior to sentencing, Hoyle retained new counsel and filed a motion to withdraw his guilty pleas. At the motion to withdraw hearing, Hoyle maintained his innocence and argued that he would not have entered into the plea agreement but for prior counsel's deficient performance during the plea proceedings. At the conclusion of the hearing, the trial court denied Hoyle's motion, stating:

> I have reviewed the record and it is what it is. I go through a fairly detailed plea colloquy. I asked a couple times if there are any questions or if he has a complete understanding, and it's only now that he says there was issues. There is nothing from the record either at the plea colloquy or last time that tells me that he had a lack of understanding or a lack of guilt or a potential defense.
>
> I have reviewed the record. He was represented by highly competent counsel at the plea. He was offered a full Rule 11 hearing. For those reasons I do not find that the motion to withdraw his plea is well taken and we'll proceed to sentencing.

{¶8} At the sentencing hearing, the trial court sentenced Hoyle to three years in prison for drug trafficking in Case No. CR-14-586704-C. In addition, Hoyle was ordered to pay a $10,000 fine and his driver's license was suspended for five years. In Case No. CR-14-586005-B, the trial court sentenced Hoyle to three years in prison for drug trafficking, with a $10,000 fine and a five-year driver's license suspension. The trial court further sentenced Hoyle to two years in prison for failing to comply, with a five-year driver's license suspension. Hoyle's prison terms were ordered to run consecutively, for a total eight-year term of imprisonment.

{¶9} Hoyle now appeals his convictions and sentence.

## II. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶10} For the purposes of judicial clarity, we review Hoyle's assignments of error out of order. In his second assignment of error, Hoyle argues he received ineffective assistance of counsel during the plea proceedings.

{¶11} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶12}** A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In such cases, a defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty to the offense at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**{¶13}** In this case, Hoyle argues he was precluded from entering a knowing and voluntary plea when his original defense counsel coerced him into entering a plea that was against his best interests. According to Hoyle, he was "induced" into accepting the plea based on defense counsel's (1) failure to share all available evidence, (2) misrepresentations about the sentence Hoyle would ultimately receive, and (3) statements to Hoyle's family indicating that he was "more concerned with getting paid," than he was with representing Hoyle's interests at a trial.

**{¶14}** Based on the record before this court, we are unable to conclude that defense counsel's representation fell below an objective standard of reasonableness. Contrary to the alleged professional errors raised in this assignment of error, Hoyle stated at the plea hearing that (1) he understood the nature of the plea and possible penalties he faced, including the state's recommended sentence of eight years, (2) that he was not forced or threatened to enter a plea, and (3) that he was satisfied with counsel's "legal services." In addition, the trial court engaged in a detailed on-the-record conversation with Hoyle, during which the court explained relevant legal

terms, including accomplice liability, and provided Hoyle with the opportunity to ask questions or raise potential concerns. Despite these precautions, the plea transcript is devoid of any indication that Hoyle felt that his best interests were not being represented or that he was pressured into entering a plea.

{¶15} Moreover, Hoyle's ineffective assistance of counsel claim relies extensively on conversations that did not occur on the record. Such evidence is not properly considered on a direct appeal. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 7, fn. 2, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 99377, 2015-Ohio-96, ¶ 53 (ineffective assistance of counsel claim that would require proof outside of the record "is not appropriately considered on a direct appeal" and "is better addressed in a timely petition for postconviction relief.").

{¶16} Accordingly, we find no merit to Hoyle's ineffective assistance of counsel claim. His plea was knowingly, intelligently, and voluntarily made.

{¶17} Hoyle's second assignment of error is overruled.

### B. Motion to Withdraw Guilty Plea

{¶18} In his first assignment of error, Hoyle argues the trial court erred and abused its discretion when it denied his presentence motion to withdraw his guilty plea.

{¶19} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶20} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie*, 62 Ohio St.3d 521, at 527, 584 N.E.2d 715. It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to

sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id*. at paragraph one of the syllabus.

**{¶21}** The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id*. at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶22}** A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

**{¶23}** This court has also set forth additional factors to consider, including whether (5) the motion was made in a reasonable time, (6) the motion states specific reasons for withdrawal, (7) the accused understood the nature of the charges and the possible penalties, and (8) the accused was perhaps not guilty or had a complete defense. *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 9, citing *State v. Pinkerton*, 8th Dist. Cuyahoga Nos. 75906 and 75907, 1999 Ohio App. LEXIS 4453 (Sept. 23, 1999); *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶24}** After careful review of the record, we find that Hoyle was represented by competent counsel, was afforded a full Crim.R. 11 hearing before he entered his plea, was given a full and impartial hearing on his motion to withdraw, and that the trial court gave full and fair

consideration to his plea withdrawal request. We further find Hoyle filed his motion to withdraw within a reasonable time, set forth specific reasons for his motion at the withdrawal hearing, and fully understood the nature of the charges and possible penalties he faced.

{¶25} With respect to the last factor, however, Hoyle contends the trial court ignored his repeated claims of innocence and the relevant discovery materials that constituted "evidence of a plausible defense."

{¶26} At the motion to withdraw hearing, the trial court and defense counsel engaged in a lengthy discussion concerning the basis of Hoyle's claim of innocence and the evidence supporting a potential defense. Defense counsel argued, with regard to Case No. CR-586005-B, that numerous documents produced during discovery suggest that there were "no less than 28 misidentifications by the [investigating officers] where Mr. Hoyle over, and over, and over was documented as being the person selling drugs when in reality it was [codefendant] Jonathan Green."

{¶27} With regard to Case No. CR-587704-C, defense counsel argued that Hoyle had no involvement in the drug transaction, stating:

> Hoyle dropped [codefendant] Jonathan Green off and left. Never came back. He had nothing to do with the transaction that transpired afterwards. He was in a white Ford rental car because his girlfriend's car was in the shop. I believe a motion of alibi was kicked around back and forth during the ultimate plea negotiations.

{¶28} Defense counsel continued:

> What I have here, your Honor, is a case where my client hired an attorney that made the family believe that they were going to go to trial and defend Mr. Hoyle on this case, and then pled him because of the classic — well go ahead and take the eight years. It's better than the 20, 30, 40 or whatever else you may get.

Mr. Hoyle maintains his innocence with regard to anything having to do with the robbery. And we'll tell this court today, that on April 21st of 2014, he was no where near that driveway, and he was not the person that sold the informant any drugs.

There is a discovery report of an investigation written in April that says a certain special agent purchased an ounce of crack cocaine from Mario Hoyle for $1,400. Later on September 16th of the same year, the first part of the discovery states that the person who was believed to be Mario Hoyle was actually [codefendant] Jonathan Green.

{¶29} In response, the court noted that Hoyle was provided with a detailed Crim.R. 11 colloquy and affirmatively stated that he was guilty and was not threatened or made any promises in exchange for his plea. Defense counsel acknowledged the trial court's position, but reiterated Hoyle's claim of innocence, stating:

Mr. Hoyle didn't sell any drugs on April 21st. Mr. Hoyle didn't have anything to do with the robbery. I'm not asking that he just be uncuffed and let out the back door, but I believe that the man's entitled to a fair trial on these charges because * * * discovery has been changed and altered, and reflects the fact that Mr. Hoyle has been misidentified for all the months that the investigation went on.

* * *

It's the entire body of discovery that cries to let this plea be withdrawn because this discovery is different than all of the other cases where there may be just a mere change of heart.

You don't have other files where the person has been misidentified 28 times. You don't have a lot of other files where the complete investigation report of April was substituted, recorded, and revoked, and changed in September. And even the September report has holes big enough to drive truckloads of reasonable doubt through.

{¶30} The state submitted that the arguments raised by defense counsel ignored the prosecution's theory of accomplice liability, which was considered and discussed at length during plea negotiations with prior counsel. Thus, the state maintained that Hoyle's motion to withdraw expressed nothing more than a change of heart.

**{¶31}** When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifee* at ¶ 27, citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

**{¶32}** Before examining Hoyle's claim of innocence, we find it necessary to note that, beyond generic language, the specific basis of Hoyle's motion to withdraw was not articulated in a written motion with supporting documentation. Thus, the "numerous" discovery records referenced at the withdrawal hearing are not part of this record. Under these circumstances, Hoyle has placed this court in the difficult position of examining the merits of an alleged defense without a firm understanding of the facts supporting the indictments or the specific contents or nature of the discovery materials relied upon by defense counsel.

**{¶33}** Nevertheless, after careful consideration of the arguments raised at the withdrawal hearing, we agree with the trial court's determination that Hoyle's claim of innocence "amounted to nothing more than a change of heart." As discussed, the trial court went to great lengths to ensure Hoyle's plea was knowingly, intelligently, and voluntarily made. Moreover, while defense counsel relied extensively on the "numerous misidentifications" of Hoyle in the discovery materials, we find counsel's arguments disregard the prosecution's theory of

accomplice liability, and therefore, do not support a complete defense. As stated by the trial court, defense counsel's reliance on the discovery materials merely suggested flaws in the state's evidence and, at the very most, constituted useful "cross-examination fodder." *See State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23 (affirming trial court's denial of motion to withdraw where the motion merely alleged flaws in the state's evidence or the lack of evidence, which defendant argued would be insufficient to convict him of the crimes.). Under these circumstances, we find that Hoyle failed to set forth a legitimate basis for the withdrawal of his plea.

**{¶34}** Accordingly, the court did not abuse its discretion when it denied Hoyle's presentence motion to withdraw. Hoyle's first assignment of error is overruled.

### III. Conclusion

**{¶35}** Hoyle received effective assistance of counsel during the plea proceedings and failed to establish a sufficient basis to warrant the withdrawal of his guilty plea.

**{¶36}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR