[Cite as *State v. Washington*, 2024-Ohio-1784.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 112872 |
| v. | : | |
| AAREN A. WASHINGTON, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651280-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Kevin R. Filiatraut and Owen Knapp, Assistant Prosecuting Attorneys, *for appellee.*

Jennifer N. McTernan, LLC, and Jennifer N. McTernan, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Aaren A. Washington ("Washington"), appeals his conviction for the shooting death of Amir Bradley, arguing that his plea was not knowingly, intelligently, and voluntarily made and the trial court abused its

discretion when his presentence motion to withdraw guilty plea was denied. After careful review and for the reasons set forth below, we find that the court did not abuse its discretion and affirm Washington's convictions.

## I.     Facts and Procedural History

{¶ 2}   On March 30, 2020, in Cleveland, Ohio, 15-year-old Amir Bradley, while walking with his friend, Elliot Swift, in the Woodland Avenue area, was shot and killed at approximately 10:50 a.m. Within months, Washington, along with his codefendant Tinisha Thomas, were arrested and indicted with one count each of aggravated murder, murder, and felonious assault.[1] Each count carried both one- and three-year firearm specifications. Washington entered not guilty pleas and two legal counsel were assigned to represent him. Discovery and pretrials began promptly. Two months later, after discovering that he represented Amir Bradley, one of Washington's counsel requested to withdraw. The court granted this request and assigned another counsel for Washington.

{¶ 3}   After many pretrials, a trial date was set in August 2021. The day before trial was to begin, Washington filed a motion to continue trial because of a death in defense counsel's family. The trial court granted the motion and set the matter for pretrial. In December 2021, Washington's trial was scheduled for April 4, 2022. Five days before the trial, Washington filed a notice of alibi. Two days later,

---

[1] The codefendant pled guilty to involuntary manslaughter with the three-year firearm specification and was sentenced to 9-12 years in prison. *State v. Thomas,* Cuyahoga C.P. No. CR-20-651280-A (July 26, 2023). As of the date of this opinion, no appeal has been filed by the codefendant.

the state filed a motion for the trial court to admit and find that statements made by Washington, in a video recording from the county jail, be deemed "admissions" under Evid.R. 801(D)(2). Washington filed two briefs in opposition to the state's motion to admit video recording. The April 4th trial date was again continued.

{¶ 4} On April 13, 2022, the trial court held a hearing on the state's motion to admit the video recording. At the conclusion of the hearing, and after reviewing the video recording, the court granted the state's motion and held that the statements made by Washington on the video recording are "Admissions" under Evid.R. 801(D)(2) and admissible. (*See* Journal Entry 4/13/22.)

{¶ 5} The trial date was reset for September 26, 2022. Twenty-one days before this trial date, Washington retained new counsel who filed a notice of appearance, a motion for a bill of particulars, and a motion for discovery. Six days before the scheduled trial, counsel filed a motion for continuance seeking additional time to review the evidence and prepare for the case, which was granted. Eventually, the case was rescheduled for trial on May 8, 2023.

{¶ 6} In the meantime, Washington filed a motion for relief from prejudicial joinder because the trial was scheduled to proceed jointly with Washington's codefendant. In addition, the state filed a motion for transactional immunity for a witness who would identify Washington as the shooter. A hearing was held, and the court granted transactional immunity for the witness in exchange for testimony.

**{¶ 7}** Several weeks before the trial, the court and counsel prepared the jury instructions. Alibi instructions were not included because Washington planned to withdraw his notice of alibi according to his counsel.

**{¶ 8}** On May 8, 2023, the matter was called for trial. Prior to empaneling the jury, the trial court was informed of a change of plea by Washington. Whereupon a change-of-plea hearing was held, and Washington entered his plea to an amended indictment. Washington pled guilty to murder with the three-year firearm specification. The remaining counts were dismissed. The matter was set for sentencing.

**{¶ 9}** Three days later, at the sentencing hearing, when the court asked Washington if he was ready to proceed to sentencing, he responded, "I mean, if it's up to you, I would like to withdraw my plea." (Tr. 63.) The court informed Washington that it was up to her, and more discussions were had. When asked why he wanted to withdraw his plea Washington replied, "I don't feel like I need to accept that plea." (Tr. 65.) Washington indicated that he wanted to hire a new attorney because he wanted another attorney to go over his case. The trial court continued the sentencing hearing to allow Washington time to hire another attorney.

**{¶ 10}** When Washington failed to hire new counsel, the court appointed new counsel who filed a motion to withdraw plea on behalf of Washington. In his motion, Washington argued that his plea should be withdrawn because it was filed before he was sentenced and thus it should be liberally and freely granted. Further, Washington argued

[t]hat defendant was offered a plea only on the day it was entered and did not have the time necessary to evaluate the pros, cons, and consequences of the offer. The defendant felt undue pressure to make a life altering decision without proper time for reflection. The defendant has lost faith in the ability of former counsel and has requested a new counsel to represent him in the instant case. Therefore, the defendant is now seeking to withdraw his plea to afford new counsel an opportunity to fully evaluate the case, its merits, the strength and weaknesses of his alibi and the evidence to have been presented by the State. A full review of the discovery to protect the defendant's constitutional and statutory trial rights is necessary. Allowing the defendant to withdraw his plea does not prejudice the State and is not being offered to delay or harass the justice system, but rather to protect the rights of the accused.

(Motion to Withdraw Plea 5/17/23.)

**{¶ 11}** On May 23, 2023, the trial court held a full hearing on Washington's motion to withdraw plea. At this hearing the state argued that Washington's plea of guilty to murder was made knowingly, voluntarily, and with a full understanding of his rights and that the trial court fully complied with Crim.R. 11 when taking Washington's change of plea. The state reminded the trial court that Washington admitted to shooting A.B. on video, yelling at the witness, who was in jail on an unrelated matter, as follows: "That's why I smoked your 'N.' That's why I smoked your 'N.' * * * That 'N' dead and gone." (Tr. 95-96.) Additionally, the state argued that the evidence at trial included a witness that would identify Washington as the shooter and a video showing the crime taking place.

**{¶ 12}** Washington countered with the same arguments he made in his written motion and referenced his notice of alibi that his previous attorneys filed but

had not been, according to the court's docket, withdrawn. Washington maintained that he was innocent and had an alibi witness.

{¶ 13} The trial court denied Washington's motion to withdraw his plea stating that it had "carefully reviewed the transcript the plea colloquy and, * * * [u]pon careful consideration, the court finds and concludes that the defendant's plea was knowing, intelligent and voluntary, that there is no reasonable and legitimate basis for the requested withdrawal of plea, and that there is no evidence of manifest injustice." (Tr. 108.)

{¶ 14} After Washington's motion was denied, the court proceeded to sentence Washington to a total of 18 years to life in prison. Washington timely appeals, raising a single assignment of error for our review:

> **Assignment of Error I:** The trial court abused its discretion in denying defendant's motion to vacate his plea.

## II. Law and Analysis

{¶ 15} In his sole assignment of error, Washington claims that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. He argues it should have been freely granted because the motion was filed before sentence was imposed; it was not a "mere change of heart"; and he was not the shooter. Washington further argues that he did not have proper time to consider the plea offer. We find Washington's arguments unpersuasive.

## A. Standard of Review

{¶ 16} The decision to grant or deny a presentence motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. This court has held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454.

## B. Motions to Withdraw

{¶ 17} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Ordinarily, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *Xie* at 527. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* Therefore, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the plea-withdrawal request. *Id.*

**{¶ 18}** A trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects:

> (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea withdrawal request.

*State v. Read-Bates*, 8th Dist. Cuyahoga Nos. 108848, 108849, 108850, and 108851, 2020-Ohio-3456, ¶ 16, citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

**{¶ 19}** The trial court might also consider additional factors in its determination:

> (5) whether the motion was made timely; (6) whether the motion states specific reasons for withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was perhaps not guilty or had a complete defense; and (9) whether the state would suffer prejudice if the defendant is allowed to withdraw the plea. *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 9; *State v. Sellers*, 10th Dist. Franklin No. 07AP-76, 2007-Ohio-4523, ¶ 34; *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734, ¶ 13.

*State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 10.

**{¶ 20}** "A trial court's adherence to Crim.R. 11 raises a presumption that a plea is voluntarily entered." *State v. Balducci*, 8th Dist. Cuyahoga No. 109262, 2020-Ohio-5334, ¶ 31, quoting *State v. Abercrombie*, 8th Dist. Cuyahoga No. 108147, 2019-Ohio-4786, ¶ 12, citing *State v. McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, ¶ 23. "And a defendant moving to withdraw the plea bears the burden of rebutting that presumption by demonstrating that the plea was

infirm." *Id.* quoting *Abercrombie* at *id.*, citing *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 26.

**{¶ 21}** In his appellate brief, Washington admits that he was represented by competent counsel, that the court fully complied with the requirements of Crim.R. 11, that Washington was given a hearing on the motion, and that there was likely some inconvenience to the prosecution and the court in delaying the trial. Washington mentions a notice of alibi filed on his behalf with little details regarding a possible defense.

**{¶ 22}** At the hearing on Washington's motion to withdraw his plea, the trial court again confirmed that Washington previously expressed that he wanted to withdraw his plea because he did not want to accept it, that he wanted to go to trial, and that he wanted new counsel to reevaluate his case. The court addressed the notice of alibi and why it was absent from the jury instructions. The court specifically recalled, and the state confirmed, that Washington's counsel planned to withdraw the notice of alibi prior to trial in light of a jail call wherein Washington asked someone to be his alibi. (Tr. 98.)

**{¶ 23}** As this court has previously stated, "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *State v. Hoyle*, 8th Dist. Cuyahoga No. 102791, 2016-Ohio-586, ¶ 31, citing *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). And "the fact that a defendant may have felt 'pressured' to enter a plea is not a sufficient

basis to withdraw a plea in the absence of evidence of coercion." *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 42, citing *State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 6-9.

{¶ 24} A review of the record before us shows that the trial court considered all nine factors when it considered Washington's motion to withdraw his guilty plea. It also shows that Washington is insincere when he argues that he was pressured to plead because the plea offer was made on the day of trial and that he felt undue pressure to accept it. At the time of plea, over three years had passed since Amir Bradley was shot and killed and Washington faced these criminal charges since June 2020. Washington changed representation multiple times. Multiple trial dates were set and rescheduled, several at Washington's request. And a number of hearings were held wherein Washington was able to observe the evidence the state would present at trial, including an eyewitness who would identify Washington as the shooter at trial, and more importantly, the video recording of him admitting that he killed the victim.

{¶ 25} Based upon the record before us, we cannot say that the trial court abused its discretion when it denied Washington's presentence motion to withdraw his plea. Accordingly, Washington's sole assignment of error is overruled.

**III. Conclusion**

{¶ 26} We find that Washington was not coerced into pleading guilty, and a mere change of heart is insufficient to warrant the withdrawal of his plea. Therefore,

the trial court did not abuse its discretion when it denied Washington's motion to withdraw his plea.

**{¶ 27}** Accordingly, the judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR