[Cite as *State v. Barrett*, 2014-Ohio-1234.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100047

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL J. BARRETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-13-570863

**BEFORE:**   Keough, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   March 27, 2014

**ATTORNEY FOR APPELLANT**

Christina Joliat
P.O. Box 391531
Solon, Ohio 44139

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: John D. Kirkland
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Michael J. Barrett, appeals the trial court's denial of his presentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's decision.

{¶2} In January 2013, Barrett was charged with burglary in violation of R.C. 2911.12(A)(1), a second-degree felony, and petty theft, a first-degree misdemeanor. The charges stemmed from a home intrusion where it was alleged that Barrett entered the victims' home, was confronted by the victims, and then left after stealing beer from a refrigerator located inside the garage. It was further alleged that Barrett then fled in his car, led police on a chase, and was apprehended after he was found hiding in a garage.

{¶3} On the day of trial, Barrett appeared with counsel and pleaded guilty to an amended charge of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony; the petty theft charge was nolled.

{¶4} On the day of sentencing, Barrett orally moved to withdraw his guilty plea. After the trial court conducted a hearing on Barrett's oral motion, it denied the motion and sentenced Barrett to 24 months in prison.

{¶5} Barrett appeals, contending in his sole assignment of error that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. He argues that his claim of innocence and that the denial of effective assistance of counsel require vacating his plea.

**{¶6}** Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶7}** In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

**{¶8}** The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶9} When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifee*, citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶10} Barrett also contends his plea should be vacated because he was denied effective assistance of counsel because he did not have a full understanding of his potential for criminal liability under a theory of complicity. A plea will not be considered voluntary if it is the result of ineffective assistance of counsel. *State v. Banks*, 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. In order to prevail on this claim, Barrett must meet the test for ineffective assistance of counsel. *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715. This requires a convicted defendant to prove two things — counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

**{¶11}** In order to successfully attack a plea for a lawyer's deficient performance, the defendant must prove his lawyer "was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland* at 687, quoting *McMann v. Richardson*, 397 U.S. 759, 770-771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). All properly licensed Ohio lawyers are presumed competent. *Banks* at ¶ 16. Furthermore, in evaluating a lawyer's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Bradley* at 142, quoting *Strickland* at 689.

**{¶12}** On review, the record shows that Barrett was represented by competent counsel and was not denied effective assistance of counsel. At the plea hearing, counsel stated on the record that she had advised Barrett of his rights and "the evidence that [the state] would present if we were to go to trial, under a theory of complicity." Even after so advising, defense counsel told the court that Barrett would be pleading to the plea agreement previously set forth on the record. Additionally, counsel acknowledged that "there is a factual basis for the plea under the theory of complicity to this crime."

**{¶13}** The court questioned the parties about the evidence of complicity that would have been presented in this case. The state briefly stated the facts of the case, indicating that Barrett was involved, but also acknowledging that there may have been a second party involved. The court further inquired as to what evidence existed proving that Barrett aided and abetted someone else. The state then extensively set forth the facts of

the case, implicating Barrett. Following the state's presentation, the court further inquired "where on those facts is the theory of complicity?" Defense counsel then advised the court of the weaknesses in the state's case, including that Barrett was not identified by the victims as the home intruder. Following this extensive inquiry, the court stated it was satisfied that there was a factual basis for the plea. All of these facts were set forth on the record, in open court, in the presence of Barrett, and on the day of trial. The trial court then engaged in a colloquy with Barrett where he affirmatively stated that he "understood everything that has been said at the hearing so far."

{¶14} Accordingly, the record shows that Barrett was represented by competent counsel at the time of the plea. Barrett's claim that he was denied effective assistance of counsel is also without merit because he has failed to demonstrate on appeal how his trial counsel's performance was deficient, the first prong of the *Strickland* test. Rather, the record shows that Barrett, after discussing his case with non-lawyer acquaintances, merely had a change of heart.

{¶15} Considering the other *Peterseim* factors, the record shows that Barrett was given a full hearing in compliance with Crim.R. 11 before entering his plea. At the plea hearing, the trial court conducted an extensive inquiry of Barrett to ensure that he understood the charges against him and the maximum penalties involved, the effect of his guilty plea, and the rights he was waiving by pleading guilty. Barrett also denied being threatened or promised anything in exchange for pleading guilty.

{¶16} The record further demonstrates that the trial court gave Barrett a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave full and fair consideration to the arguments raised in support of his motion. At the hearing, defense counsel stated that Barrett wanted to withdraw his plea because (1) he was not the actual person who entered the victims' home, (2) he subsequently learned that the trial judge was a victim of a burglary, and (3) the car was not fingerprinted.

{¶17} After listening to the state's response, the trial court reiterated what occurred during the plea colloquy. It noted that the arguments Barrett made in support of withdrawing his plea were raised at the time Barrett changed his plea to guilty, the same day that Barrett's case was set for trial. It noted that Barrett was represented by competent counsel at the plea hearing. The court further noted that before taking Barrett's plea, the trial court had listened to the factual basis for the amended charge. Specifically with respect to Barrett's claim of innocence, the trial court noted that Barrett had responded affirmatively when the court asked him whether he understood what had been said during the plea hearing regarding the state's theory of complicity in connection with the burglary. Accordingly, the trial court concluded that Barrett had made a knowing, voluntary, and intelligent guilty plea and had not demonstrated a basis for withdrawing the plea.

{¶18} We find no abuse of discretion in the trial court's ruling. Contrary to Barrett's argument on appeal, there is nothing in the record to suggest that the trial judge exerted any bias towards Barrett or that the trial judge's own personal experiences

affected the court's ability to be fair and impartial. Moreover, Barrett has failed to demonstrate how his subsequent knowledge about the trial judge's alleged personal experiences rendered his plea unknowing, involuntary, or unintelligent. There is nothing in the record to even remotely suggest that Barrett was induced into entering the guilty plea based on the trial judge's personal experiences.

{¶19} Furthermore, the factual basis for the plea was so extensively set forth at the plea hearing that if Barrett did not understand his criminal liability under a theory of complicity, he should have expressed his misunderstanding at the plea hearing, rather than affirmatively responding to the court's question of whether he "understood everything that has been said at the hearing so far."

{¶20} In fact, Barrett's motion to withdraw seems to be predicated upon a change of heart based on the fact that he received advice from non-lawyer acquaintances and learned that the trial judge was a victim of a crime. These are insufficient justifications for the withdrawal of the plea. Barrett's arguments were not sufficient to warrant the withdrawal of his knowing, voluntary, and intelligent guilty plea, and the trial court did not abuse its discretion in denying Barrett's presentence motion to withdraw his guilty plea. Accordingly, the assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR