[Cite as *State v. Small*, 2017-Ohio-110.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104813

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KEITH SMALL

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603858-A

**BEFORE:** McCormack, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 12, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th St., Suite 600
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Jonathan M. McDonald
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Keith Small appeals from his conviction following a guilty plea. For the reasons that follow, we affirm.

{¶2} On February 26, 2016, Small was charged as follows: aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony; felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; and theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. The indictment stems from an incident wherein Small and a codefendant, while apparently extremely intoxicated, tackled, dragged, robbed, and beat a homeless gentleman to the point of unconsciousness.

{¶3} On June 13, 2016, Small withdrew his not guilty plea and pleaded guilty to amended Count 2 — aggravated assault, a fourth-degree felony. In exchange for his guilty plea, the state agreed to dismiss the remaining charges. The court ordered a presentence investigation report and scheduled the matter for sentencing.

{¶4} Immediately prior to sentencing, Small advised his counsel that he wished to withdraw his guilty plea, and counsel notified the court. The trial court held a hearing on Small's motion to withdraw his guilty plea and, after reviewing the plea transcript, denied Small's motion. The court then sentenced Small on the amended charge of aggravated assault to one year of community control sanctions, contingent upon Small's eligibility for placement in the community based correctional facility and successful completion of the program.

**{¶5}** Small now appeals the trial court's denial of his motion to withdraw his guilty plea, claiming the court erred in doing so.

**{¶6}** Crim.R. 32.1 governs withdrawals of guilty pleas and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. The trial court must, therefore, hold a hearing in order to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶7}** The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), syllabus. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. "'Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213, 214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶8} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8, 9.

{¶9} Here, the record demonstrates that Small was represented by highly competent counsel during the plea bargain. Small's attorney successfully negotiated a plea agreement that resulted in the dismissal of two of the charges contained in the indictment — a first-degree felony and a first-degree misdemeanor — and an amendment to one count that reduced the offense from a second-degree felony to a fourth-degree felony. Additionally, Small confirmed during his plea hearing that he was satisfied with the representation of his trial counsel. Finally, at the hearing on Small's motion to withdraw, the trial court emphasized that it found Small's counsel to be highly competent.

{¶10} Next, the record shows that Small was afforded a full Crim.R. 11 hearing before he entered his plea and he understood the nature of the charges and the possible penalties.

{¶11} Our review of the plea hearing reflects that the trial court engaged in a thorough Crim.R. 11 colloquy, explaining to Small each of the constitutional rights he would be waiving by pleading guilty. The court repeatedly asked Small if he understood the court's explanations, and each time, Small indicated that he understood. The court also described the offense and advised Small about the possible penalties, including the maximum sentence, and the consequences of his plea. Small advised the court that no threats or promises had been made, including what sentence would be imposed. At no time did Small indicate to the trial court that he did not understand the matters of which he was advised. Nor was there any evidence of confusion, hesitation, or protestations of innocence at the hearing.

{¶12} Moreover, defense counsel and the prosecutor advised the court that it had complied with Crim.R. 11 requirements. A trial court's adherence to Crim.R. 11, raises a presumption that a plea is voluntarily entered. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 25; *State v. Spence*, 8th Dist. Cuyahoga No. 54880, 1989 Ohio App. LEXIS 167, 3 (Jan. 19, 1989). Thereafter, the trial court found that Small's plea was knowingly, intelligently, and voluntarily made.

**{¶13}** A review of the record also shows that the trial court held a complete and impartial hearing on Small's motion to withdraw his plea. Additionally, the record demonstrates the court gave full and fair consideration to the plea withdrawal request.

**{¶14}** The scope of a hearing on a defendant's motion to withdraw a plea should reflect the substantive merit of the motion; bold assertions without evidentiary support do not merit the scrutiny that substantiated allegations would merit. *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602, 2-3 (Apr. 27, 1989). The scope of the hearing is within the sound discretion of the trial court. *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 10.

**{¶15}** Here, Small surprised defense counsel the morning of his sentencing when he advised his counsel that he wished to withdraw his plea. When the court inquired of Small's basis for withdrawing the plea, Small stated, "I did not do it and when he offered the plea deal my mom was out there sick. I was like, I need to go out there and see her and I don't know what I was thinking about pleading guilty to something that I didn't do."

**{¶16}** Thereafter, the court discussed Small's recent declaration, reminding Small of the plea colloquy, in which he expressed that he understood that by entering the plea, he admitted to the truth of the facts and to his guilt. The court also reminded Small that defense counsel agreed that the court complied with Crim.R. 11 in notifying Small of the rights that he is waiving by entering such plea. The court then heard from the state, who was equally surprised by Small's request. When the court inquired of defense counsel whether counsel was making the motion or "simply referring to what your client wishes to

do, and if you are making this motion, what are the grounds?" Defense counsel responded that he is making the motion based upon his client's request, stating, "I just found out about it when I saw Mr. Small this morning. The grounds that he's relating to me is he pled * * * guilty but did not do this. That's what he's telling me. Again, this is the first I've heard about it this morning as well." At this point, the court advised the parties that it would order the transcript of the plea hearing in order to ensure that Small's rights were protected and that Small did, in fact, make a knowing, voluntary, and intelligent plea.

{¶17} After the court reviewed the transcript from Small's plea hearing, the parties reconvened on the motion to withdraw. The court heard from defense counsel, who indicated that the basis of his motion was "Mr. Small's request to have the motion made, his position that he * * * wasn't involved in this incident * * * that was the basis of his plea." Counsel then conceded that he "didn't see any issues with regard to [the plea]," but that he was asking the court "to consider the motion based on Mr. Small's request." The court also heard from the state, which provided that Small's plea was knowingly, voluntarily, and intelligently made, and asked the court to deny Small's motion.

{¶18} Thereafter, the court noted that it reviewed the transcript of the plea hearing and considered the record. It stated that Small was represented by highly competent counsel and, in agreeing with defense counsel, found no errors in the plea hearing. The court noted that Small indicated he "understood what was happening" and he was satisfied with counsel's representation. The court then addressed Small's new

proclamation of innocence, finding it was a mere change of heart, and therefore, it is an insufficient basis for vacating his plea.

{¶19} When presented with a claim of innocence "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Hoyle*, 8th Dist. Cuyahoga No. 102791, 2016-Ohio-586, ¶ 31, quoting *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27. It is well established that a mere change of heart is an insufficient basis for withdrawing a guilty plea. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 30; *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23; *State v. Barrett*, 8th Dist. Cuyahoga No. 100047, 2014-Ohio-1234, ¶ 9. Additionally, a defendant's claim of innocence alone is insufficient grounds for vacating a plea that was knowingly, voluntarily, and intelligently entered. *Elliott*; *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶20} In this case, the record shows that Small was represented by highly competent counsel, he was given a full Crim.R. 11 hearing before he entered a plea, he was given a complete and impartial hearing on the motion to withdraw, and the court gave full and fair consideration to the plea withdrawal request. Moreover, there is no evidence that the trial court acted unjustly or unfairly. Rather, the record supports the trial court's determination that Small's new proclamation of innocence is merely a change of heart, where perhaps the matter regarding visiting with his sick mother was no longer a

pressing issue.   We therefore find that the trial court acted within its discretion when it denied Small's motion to withdraw his guilty plea.

**{¶21}** Small's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY