[Cite as *State v. Chaney*, 2024-Ohio-248.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 112647 |
| v. | : | |
| RAKYM CHANEY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 25, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671678-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Yasmine Hasan and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellee.*

Scott J. Friedman, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Rakym Chaney ("Chaney"), appeals his conviction, raising one assignment of error for review:

**Assignment of Error I:** The trial court abused its discretion when it denied [Chaney's] request to continue the sentencing hearing.

For the reasons set forth below, we affirm.

{¶ 2} Following a transfer from the juvenile division to the general division of the court of common pleas, Chaney was charged in a 56-count information. The charges arose from violent crimes that were committed on April 24, 2021, May 13, 2021, May 14, 2021, and May 16, 2021, when Chaney and his codefendant, Michael Bennett ("Bennett"), were both 16 years old. Chaney and Bennett were identified through a published media photo weeks after they robbed two victims of their vehicle at gunpoint in Shaker Heights. Chaney and Bennett were also linked to one vehicle stolen at gunpoint by other individuals in East Cleveland. That vehicle was used in the carjacking of another victim at gunpoint. Chaney and Bennett were placed inside of both vehicles through surveillance footage, DNA, and fingerprint evidence. Chaney and Bennett used one of the vehicles in a carjacking in Willoughby, and that vehicle was used in a carjacking in an Old Brooklyn parking lot.

{¶ 3} Chaney and Bennett were also linked to other carjackings. A vehicle from a carjacking perpetrated by another juvenile in Euclid was subsequently used in two crimes that were committed in South Euclid and Cleveland Heights. In South Euclid, a middle school teacher was shot in the main artery of his leg during a carjacking. Luckily, the victim's girlfriend was present and quickly called 911. Five minutes later, an off-duty police officer was shot at while attempting to stop his daughter and friend from being carjacked in a Cleveland Heights driveway. The

shell casings from both scenes were matched and Chaney and Bennett's DNA were found in the vehicle used in both crimes.

{¶ 4} The trial court assigned Chaney the same defense counsel ("original counsel") that he previously retained in two dismissed cases involving 8 of the 56 charges. *See* Cuyahoga C.P. Nos. CR-21-666055 and CR-22-667506. Ultimately, Chaney and Bennett entered into a plea agreement with state, and a plea hearing was held on September 28, 2022. At the hearing, Chaney acknowledged the repercussions of pleading guilty:

> THE COURT: Now, do you gentlemen understand that for any counts to which you plead guilty you are admitting you did the crime, Mr. Chaney?
>
> DEFENDANT CHANEY: Yes, sir.

(Tr. 20.) Following the trial court's plea colloquy, Chaney and Bennett pleaded guilty to one count of attempted murder, eight counts of aggravated robbery, one count of felonious assault, two counts of receiving stolen property, six one-year firearm specifications, and three three-year firearm specifications. As part of the plea agreement, the parties agreed to a sentencing range of 18 to 22 years of incarceration with no possibility of early release. The trial court accepted the defendants' guilty pleas, ordered presentence-investigation reports ("PSI"), and scheduled a sentencing hearing for November 1, 2022. Chaney's PSI provided details regarding his childhood, education, and mental health, including that Chaney suffered from abuse and trauma, received mental health services, had possible learning disabilities, and used alcohol and drugs.

**{¶ 5}** After 6:00 p.m. on the night before the sentencing hearing, when the trial court was closed, a notice of appearance and a motion for continuance were filed by Chaney's newly retained counsel ("new counsel"). In the motion, Chaney sought to continue the sentencing hearing, advising that he retained new counsel over the weekend to evaluate whether a motion to withdraw his guilty plea was in his best interest. New counsel requested no less than 14 days from the date she received discovery from the state to review it with Chaney and 30 days to request and receive medical, educational, and Children and Family Services records to be used for mitigation purposes in the event Chaney's case proceeded to sentencing.

**{¶ 6}** On November 1, 2022, the state, the defendants, their family members, and their attorneys, including original and new counsel, appeared for the sentencing hearing. Two victims also appeared by video conference. Prior to proceeding with sentencing, the state mentioned new counsel's filings and noted its objection to Chaney's motion for continuance. The trial court indicated that it had not seen the motion until that morning and addressed the matter with Chaney's attorneys. Chaney's attorneys advised that they would be representing him together, and Chaney confirmed that he intended to keep both. Chaney's original counsel advised that he prepared a sentencing memorandum and was ready to procced, although he was not "in the loop of these issues." (Tr. 52.)

**{¶ 7}** Chaney's new counsel advised the court that a continuance was needed in order for her to review discovery and properly advise Chaney regarding a potential motion to withdraw his plea in light of the serious charges and penalties

he faced. New counsel further advised that it may be prudent to obtain records based on the information Chaney's family provided regarding his past medical history, educational hurdles, and trauma for purposes of mitigation at his sentencing. The state orally objected to Chaney's motion for continuance and advised that nothing would change the terms of plea deal, she and Chaney's original counsel extensively pretried the case, and mitigation evidence was provided and considered during plea negotiations. Bennett indicated to the court that he was ready to proceed with sentencing regardless of Chaney's motion.

{¶ 8} After hearing the parties' arguments, the trial court recessed to consider Chaney's motion. When the hearing resumed, the trial court stated that Chaney could file a postsentence motion to withdraw his guilty plea should additional information come to light. The trial court also emphasized that there was an agreed-upon sentencing range of 18 to 22 years and some additional information regarding Chaney's mental health would not make much of a difference. The trial court noted that the PSI included details regarding Chaney's mental health and education and stated, "I don't know what else there could be that would be so compelling that it would * * * almost guarantee that the court would either deviate from the recommendation * * * or would * * * ultimately sentence much differently if whatever that information is came to light." (Tr. 60.) The trial court further noted that Chaney learned of the charges against him when he was charged by information in June 2022 and concluded that Chaney had time to assess the evidence and determine the best course for resolution. Ultimately, the trial court denied Chaney's

motion for continuance and proceeded with Chaney and Bennett's sentencing hearing.

{¶ 9} Following the sentencing hearing, the trial court imposed an aggregate, indefinite sentence of 20 to 22.5 years of incarceration on Chaney and Bennett, with 15 years of mandatory time on the firearm specifications. In April 2023, Chaney filed a pro se notice of and motion for a delayed appeal. This court granted Chaney's motion and appointed appellate counsel, who filed a brief on Chaney's behalf.

{¶ 10} In his sole assignment of error, Chaney argues that the trial court abused its discretion by denying his request to continue the sentencing hearing. Chaney asserts that a continuance was necessary for new counsel to properly advise him on a potential request to withdraw his guilty plea and to gather additional information relevant to sentencing, including his education, medical, and Children and Family Services records. Chaney claims that the denial of his continuance prevented new counsel from effectively representing him, violating his right to be represented by counsel of his choice. Chaney further argues that any delay would have been minimal and the denial effectively eliminated his opportunity to withdraw his guilty plea.

{¶ 11} "The grant[ing] or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). An abuse of discretion

occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 12} When ruling on a motion for continuance, the court considers the following objective factors:

> [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [requesting party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68. However, "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Id.* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶ 13} Here, the trial court denied Chaney's motion for continuance and provided its rationale for doing so. The trial court emphasized that Chaney had time to assess the evidence and determine the best course for resolution. The record reveals that Chaney admitted to the crimes occurring in April and May 2021 by pleading guilty in September 2022. Chaney knew of his involvement in these crimes and was aware of at least 8 of the 56 charges being brought against him when he was indicted in two prior cases. Nonetheless, the trial court gave Chaney the benefit of the doubt, noting that the latest charges were brought by way of information in June

2022, over four months prior to the sentencing hearing in November 2022. Chaney also had over a month between his plea and sentencing hearings to retain new counsel, evaluate his plea deal, and compile mitigation evidence. The trial court further advised that details regarding Chaney's mental health and educational history were included in the PSI and noted that additional information would not make much of a difference in light of the agreed-upon sentencing range of 18 to 22 years. A review of the record reveals that Chaney faced up to 128 years in prison, mitigation evidence was considered during plea negotiations, the case was extensively pretried, and additional information would not change the terms of the plea deal. Lastly, the trial court noted that Chaney could file a postsentence motion to withdraw his guilty plea.

{¶ 14} Based on our review of the record, we cannot say that the trial court abused its discretion in denying Chaney's motion for continuance under these circumstances. As noted by the trial court, Chaney had ample time to retain new counsel, assess the plea agreement, strategize, and request records before and after his plea hearing. However, he chose to wait until the weekend before his sentencing to do so. While Chaney requested 14- and 30-day continuances and no other continuances had been requested, the granting of Chaney's motion would have inconvenienced the defendants, victims, family members, and counsel, who were all present for the sentencing hearing, as well as the court, which was prepared to sentence both defendants. Our review of the record further reveals that the trial court had information regarding Chaney's childhood trauma, mental health and

educational history through his PSI. Any argument that Chaney's medical, educational, and Child and Family Services records contained further mitigating information is merely speculative; indeed, these records were not filed or otherwise included in the record before us. Rather, the record reveals that this information would have no impact on Chaney's plea deal in light of the seriousness of the crimes committed and no discernable impact on his sentence, which was within the agreed-upon sentencing range of 18 to 22 years. Consequently, we decline to find that the trial court exercised its judgment in an unwarranted when it denied Chaney's motion for continuance.

{¶ 15} Finally, we address Chaney's argument that *In re M.L.H.*, 8th Dist. Cuyahoga No. 108006, 2019-Ohio-4575, is instructive to our review of his appeal. In *M.L.H.*, this court found that the trial court abused its discretion when it denied the appellant's motion for continuance of a hearing. However, Chaney's case is clearly distinguishable from *M.L.H.* There, the appellant fired his attorney at the onset of the hearing because he believed his attorney was incompetent. *Id.* at ¶ 3. The appellant requested a continuance and advised that he was not prepared to go forward without legal representation. *Id.* Upon being terminated, the attorney took the appellant's file and left with relevant information produced during discovery. *Id.* at ¶ 9-10. The appellant was forced to proceed with the hearing pro se without any evidence or documentation. *Id.*

{¶ 16} Here, the trial court was informed that both original counsel and new counsel were representing Chaney. Chaney did not fire original counsel, who he

previously retained in two prior cases involving 8 of the 56 charges, and did not claim he was incompetent. Both of Chaney's attorneys were present at the sentencing hearing and spoke at length on his behalf regarding various mitigation factors. Unlike in *M.L.H.*, in no way was Chaney forced to represent himself at his sentencing hearing. Moreover, we cannot say that Chaney's right to be represented by counsel of his choice was violated; arguably, Chaney chose to be and was represented by two attorneys at his sentencing hearing.

{¶ 17} Accordingly, we find that the trial court did not abuse its discretion in denying Chaney's request for a continuance of his sentencing hearing and overrule his sole assignment of error.

{¶ 18} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR