[Cite as *State v. Parker*, 2025-Ohio-457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113945 |
| v. | : | |
| DA'VEON PARKER, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679818-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant, Da'Veon Parker ("Parker"), appeals the denial of his presentence oral motions to withdraw his guilty plea and for a continuance of

the sentencing hearing. Finding no abuse of discretion, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On March 28, 2023, the Cuyahoga County Grand Jury indicted Parker on one count of attempted rape in violation of R.C. 2907.02(A)(2)/R.C. 2923.02, two counts of rape in violation of R.C. 2907.02(A)(2), one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The indictment followed Parker's minor cousin ("victim") coming forward to report years of sexual abuse by Parker. She reported Parker had been sexually assaulting her from the time she was five years old until she was fifteen years old and stated he forced her to perform oral sex on him, he performed oral sex on her, and he attempted to insert his penis into her vagina. (Tr. 53-54.)

{¶ 3} Between July 10, 2023, and March 25, 2024, the State and defense counsel had numerous pretrials. Additionally, three trial dates were scheduled during the pendency of the case. The morning of the third trial date, the parties reached a plea agreement.

{¶ 4} After reaching a plea agreement, Parker pled guilty to an amended indictment on March 25, 2024. Parker pled guilty to two counts of sexual battery, felonies of the third degree pursuant to R.C. 2907.03(A)(1), and one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4), also a felony of the third degree. During the Crim.R. 11 colloquy, the trial court stated, "[Y]ou are pleading guilty to

three counts of felonies of the third degree . . . [t]hat's one to five years on each count . . . [d]o you understand that?" Parker responded, "Yes, your honor." (Tr. 8.) At the end of the plea hearing, the trial court stated that a presentence investigation had been requested. (Tr. 14.)

{¶ 5} Sentencing was held on April 24, 2024, a month after the plea hearing. The victim and family members were present in the courtroom and the presentence-investigation report was available. Parker made an oral motion to withdraw his guilty plea or for a continuance of the sentencing hearing. The court immediately conducted a hearing on the motions.

{¶ 6} During the hearing, Parker argued he wanted to withdraw his guilty plea because he was innocent, because of "deficiency of advisement of counsel," and because "he did not fully understand what he was engaging in." (Tr. 19-20.) He stated he had thought the potential sentence was "like one to three. [He] didn't know it was three and it could range from one to five for each." (Tr. 25.) He also stated he wanted to withdraw his plea because he wanted to "be a great fitness trainer, and . . . that's being jeopardized." (Tr. 24.) Parker did not allege any violations or failure to comply with Crim.R. 11. (Tr. 20.)

{¶ 7} Both parties discussed the multiple pretrials that took place so Parker and his attorney could meet to go over discovery and discuss the case. (Tr. 21, 23, and 30.) The State argued they had prepared for trial multiple times, only to have Parker's motions for a continuance granted. (Tr. 35.) The court pointed out the

presentence investigation showed Parker graduated from high school and college. (Tr. 23-24.)

{¶ 8} In addition, Parker made an oral motion for a continuance of the sentencing hearing. Counsel for Parker stated, "[O]r in the alternative . . . we would be making a motion and a request of the Court so as to further discuss and/or, *if need be*, to supplement these requests of Mr. Parker with a formal motion relative to his request to withdraw the plea." (Emphasis added.) (Tr. 18.)

{¶ 9} The trial court held a hearing discussing both the motion for a withdrawal of the guilty plea and the motion for a continuance of the sentencing hearing. Both motions were denied, and the trial court proceeded to hold the sentencing hearing. Parker was sentenced to a term of nine years in prison, three years on each count to run consecutive to each other. Parker filed this appeal on the denial of his motions to withdraw his guilty plea and for a continuance of the sentencing hearing.

{¶ 10} Parker raises the following assignments of error:

I. The trial court abused its discretion in declining to grant appellant's motion to withdraw his guilty plea prior to sentencing.

II. The trial court abused its discretion in declining to grant appellant's motion to continue to fully brief his motion to withdraw his plea, denying Parker due process of law.

## II. Law and Analysis

### A. First Assignment of Error

{¶ 11}  In his first assignment of error, Parker asserts the trial court abused its discretion in declining to grant his motion to withdraw his guilty plea prior to sentencing.

{¶ 12}  Crim.R. 32.1 governs withdrawals of guilty pleas, stating that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed."  Usually,

> "the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, . . . still the decision thereon is within the sound discretion of the trial court. . . . Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. . . . One who enters a guilty plea has no right to withdraw it.  It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."

(Citations omitted.)  *State v. Peterseim*, 68 Ohio App.2d 211, 213-214 (8th Dist. 1980), quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir. 1978).  "[A] defendant does not have an absolute right to withdraw a plea prior to sentencing. . . . [T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶ 13} This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he or she entered the plea; (3) after the

motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea-withdrawal request. *Peterseim* at 866.

{¶ 14} Ohio courts have also recognized additional factors that trial courts should consider when deciding a presentence motion to withdraw a plea. *State v. Walcot*, 2013-Ohio-4041, ¶ 19 (8th Dist.). These factors include "(5) whether the state will be prejudiced by the withdrawal; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and [possible penalties]; and (9) whether the [defendant] was perhaps not guilty or had a complete defense[.]" *Id.* *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist. 1995); *State v. Moore*, 2012-Ohio-5734, ¶ 13 (8th Dist.).

{¶ 15} When presented with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Hoyle*, 2016-Ohio-586, ¶ 31 (8th Dist.), quoting *State v. Minifee*, 2013-Ohio-3146, ¶ 27 (8th Dist.). It is well-established that a mere change of heart is an insufficient basis for withdrawing a guilty plea. *State v. Elliott*, 2016-Ohio-2637, ¶ 30 (8th Dist.); *State v. Heisa*, 2015-Ohio-2269, ¶ 23 (8th Dist.); *State v. Barrett*, 2014-Ohio-1234, ¶ 9 (8th Dist.). Additionally, a defendant's claim of innocence alone is insufficient grounds for vacating a plea that was knowingly, voluntarily, and intelligently entered. *Elliott* at ¶ 30, citing *Minifee* at ¶ 27 and *State*

*v. Bloom*, 2012-Ohio-3805, ¶ 13 (8th Dist.); *State v. Small*, 2017-Ohio-110, ¶ 19 (8th Dist.).

**{¶ 16}** "For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was 'unreasonable, arbitrary or unconscionable.'" *Xie*, 62 Ohio St.3d at 527, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶ 17}** Applying the *Peterseim* factors to this case, the record reflects that although counsel alleged "deficiency of advisement of counsel," there was no dispute that Parker was represented by highly competent counsel. (Tr. 19-20.) Parker did not allege any Crim.R. 11 deficiencies in the plea hearing. (Tr. 20.) The trial court held a full hearing on the motion to withdraw the guilty plea, giving Parker ample time and opportunity to put forth the reasons for the motion, and the trial court asked numerous questions to clarify the basis for the motion.

**{¶ 18}** Applying the additional factors used by Ohio courts, the State prepared for trial multiple times in this case, only to have the trials continued at the defense's request. The oral motion was made the day of the sentencing hearing, despite Parker having a month between the plea hearing and the sentencing hearing to file a motion. At the plea hearing, the trial court stated the penalty, explaining "[t]hat's one to five years on each count[,] . . . [d]o you understand that?" Parker responded, "Yes, your honor." (Tr. 8.) Additionally, there were many pretrials and trial dates at the request of the defense prior to his plea so that Parker and his attorney could discuss the case and discovery. This provided ample time for Parker

and his counsel to explore trial or plea-negotiation strategies tailored to a theory that Parker was innocent. It is hard to believe that Parker, with a college education, did not understand the charges against him or the possible penalties. Parker did not allege any new evidence or defense. The trial court questioned Parker extensively and concluded that his motion for a withdrawal of his guilty plea was due to a change of heart. (Tr. 41.)

{¶ 19} Therefore, we find no abuse of discretion on the part of the trial court in making its ruling and affirm the denial of Parker's motion to vacate his guilty plea. Parker's first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 20} In his second assignment of error, Parker asserts that the trial court abused its discretion in declining to grant his motion to continue the sentencing hearing to fully brief his motion to withdraw his plea, denying him due process of law.

{¶ 21} "'The grant[ing] or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion.'" *State v. Chaney*, 2024-Ohio-248, ¶ 11 (8th Dist.), quoting *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion occurs when a court exercises "'its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *Chaney* at ¶ 11, quoting *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 22} The following factors are to be considered when ruling on a motion for continuance:

> [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [requesting party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68. However, "“"[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.""” *Chaney* at ¶ 12, quoting *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶ 23} Parker compares his case to *State v. Nicholson*, 2004-Ohio-2394 (8th Dist.). In *Nicholson*, the defendant made an oral motion to withdraw his guilty plea. The trial court denied the motion prior to hearing defendant's arguments, and only after denying the motion allowed limited discussion on the basis of the motion to withdraw the guilty plea. We found that there was no adequate hearing on the motion, stating that "there is no guarantee that the defense had a reasonable opportunity to present the case for withdrawing a plea when that opportunity was a brief discussion wedged between the victim speaking and immediately before sentencing, but not before his motion was denied." *Nicholson* at ¶ 10.

{¶ 24} Parker argues that under *Nicholson*, the trial court should have granted his motion for a continuance so he could fully brief his motion to withdraw

his guilty plea. However, there was no mention of a motion for a continuance in *Nicholson*. We reversed and remanded *Nicholson* because the trial court did not hold *any* hearing prior to denying the defendant's motion to withdraw his guilty plea. In this case, Parker was afforded a full hearing prior to the denial of his oral motions and prior to the victim speaking. The hearing gave Parker ample opportunity to present his case for his motions for a continuance of the sentencing hearing and for withdrawing his guilty plea.

{¶ 25} In this case, Parker made an oral motion for a continuance the morning of the sentencing hearing, despite having a month between the plea hearing and the sentencing hearing to file a motion. Counsel requested a continuance "so as to further discuss and/or, *if need be*, to supplement these requests of Mr. Parker with a formal motion," meaning it was not definitive that a filed motion for a withdrawal of the guilty plea was forthcoming. (Emphasis added.) (Tr. 18.) A continuance would have inconvenienced the victim and the State, who were present and prepared for the sentencing hearing. Also, nothing in the record suggests the trial court did not give Parker's oral motion for a continuance full and fair consideration.

{¶ 26} Therefore, we find the trial court did not abuse its discretion in denying Parker's motion for a continuance of the sentencing hearing. Parker's second assignment of error is overruled.

{¶ 27} We find the trial court did not abuse its discretion and affirm the denial of Parker's motions to withdraw his guilty plea and for a continuance of the sentencing hearing.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR